IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| JEFFREY KINSETH,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Respondent. | No. 09-mc-87<br><br>ORDER DENYING MOTIONS TO QUASH |

On the 24th day of November 2009, this matter came on for hearing on the Motion[s] for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 (docket number 4, 5, and 6) filed by Jeffrey Kinseth on November 9, 2009. The Movant, Jeffrey Kinseth, appeared telephonically and was unrepresented by counsel. The Respondent, United States Securities and Exchange Commission ("SEC"), was represented telephonically by its attorney, Kevin D. Solonsky.

*RELEVANT FACTS*

On November 2, 2009, the SEC issued three administrative subpoenaes in conjunction with an investigation entitled "In the Matter of Mazu Publishing Company (C-07613)." *See* docket numbers 1, 2, and 3. The subpoenaes are directed to Collins Community Credit Union in Cedar Rapids, Farmers State Bank in Marion, and Veridian Credit Union in Waterloo. The subpoenaes command the financial institutions to produce all documents pertaining to financial transactions by Jeffrey Kinseth in excess of $1,000, from January 1, 2007 through the present. On November 9, 2009, Kinseth filed the instant motions to quash, asking that the Court enter an order preventing the Government from obtaining access to his financial records.

1

The motions were initially set for hearing on November 17, 2009, with the Government ordered to file a sworn response not later than November 16, 2009. By agreement of the parties, however, the hearing was rescheduled on November 24, 2009. The SEC filed its "verified opposition" on November 23, 2009. According to the sworn affidavit signed by James G. O'Keefe, a staff attorney with the SEC, the facts set forth in the Verified Opposition "are true and correct to the best of my knowledge." *See* docket number 12.

According to the Verified Opposition, the SEC issued an order on October 26, 2009, formally authorizing its staff "to conduct an investigation to determine whether certain persons and entities violated federal securities laws in connection with investment schemes involving Mazu and Virtual Vision."

> Specifically, Staff is investigating whether certain person[s] or entities violated federal securities laws by offering or selling securities, including the securities of Virtual Vision, without registering the securities with the SEC or by engaging in fraud in the offer or sale of securities.

*See* Verified Opposition at 2 (docket number 11 at 2). Kinseth is the owner, president, and operator of Virtual Vision, an Iowa corporation based in Cedar Rapids. *Id.* at 3. The SEC also claims that Kinseth was involved with Matthew J. Gagnon, a principal with Mazu, in an earlier scheme to defraud investors. *Id.*

## DISCUSSION

The Right to Financial Privacy Act authorizes a government authority, including the SEC, to obtain financial records pursuant to an administrative subpoena if (1) there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry, and (2) appropriate notice is given to the customer by providing him with a copy of the subpoena and information regarding how the subpoena may be challenged. *See* 12 U.S.C. § 3405. Kinseth received appropriate notice regarding the subpoenaes, and timely filed motions to quash with the Clerk of Court.

A motion to quash must be supported by a sworn statement "stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice." *See* 12 U.S.C. § 3410(a)(2). In the sworn statement attached to each of the motions to quash, Kinseth states:

> Mazu Publishing is being investigated and I am not releasing
> my banking info as it has no bearing on Mazu Publishing, as
> I am not associated with Mazu Publishing.

*See* docket numbers 4 at 3, 5 at 3, and 6 at 3.

Regarding the subpoena directed to Farmers State Bank, Kinseth also states:

> I already sent copies of checks and wires to SEC in regards to
> a personal loan with Matt Gagnon, but that was a personal loan
> and nothing to do with nature of Mazu Publishing.

*See* docket number 5 at 3.

Regarding the subpoena directed to Veridian Credit Union, Kinseth states:

> In addition, I have no checking account or interest account
> with Veridian as I only have a mortgage and car loan with
> them, which has no bearing in this manner.

*See* docket number 6 at 3.

If a customer files a motion to quash in compliance with section 3410(a), the Court must order the Government to file a sworn response. *See* 12 U.S.C. § 3410(b).[1] The Court may rule on the motion based on the parties' initial allegations and response, or it may "conduct such additional proceedings as it deems appropriate." *Id.* Here, the Court set the matter for hearing and oral argument.

In determining whether the motion to quash should be granted, the Court is governed by section 3410(c):

---

[1] Section 3410(b) authorizes the response to be filed *in camera* if the Government includes in its response the reasons which make *in camera* review appropriate. Here, however, the Government did not ask for an *in camera* review.

3

> If the court finds that the applicant is not the customer to whom the financial records sought by the Government authority pertain, or that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, it shall deny the motion or application, and, in the case of an administrative summons or court order other than a search warrant, order such process enforced. If the court finds that the applicant is the customer to whom the records sought by the Government authority pertain, and that there is not a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, or that there has not been substantial compliance with the provisions of this chapter, it shall order the process quashed or shall enjoin the Government authority's formal written request.

12 U.S.C. § 3410(c).

Accordingly, the Court must determine whether the SEC's inquiry "is legitimate" and whether it is reasonable to believe that the records sought "are relevant to that inquiry." Here, the investigation is being conducted pursuant to a formal order entered by the SEC in accordance with its authority to undertake investigations to determine whether violations of the federal securities law have occurred. The Court concludes that the subpoenas were issued pursuant to a legitimate law enforcement inquiry.

The Court also concludes that the records being sought are relevant to that inquiry. According to the Verified Opposition, the SEC is investigating possible violations of the federal securities laws by Mazu and Virtual Vision. Kinseth is the owner, president, and operator of Virtual Vision. Calling the allegations "absurd," Kinseth asserted at the time of hearing that "I didn't make a dime" off the various dealings with Mazu. Kinseth's assertions in that regard do not make the records any less relevant to the SEC's investigation. While Kinseth claims that he has already produced some of the records sought in the subpoenas, the SEC is not required to take his word for that. That is, the SEC is entitled to subpoena the records directly from the relevant financial institutions.

In summary, the Court concludes that the SEC has met its burden of demonstrating that the records sought are relevant to a legitimate law enforcement inquiry. Accordingly, Kinseth's motions to quash will be denied.

### *ORDER*

IT IS THEREFORE ORDERED that the Motions to Quash (docket numbers 4, 5, and 6) filed by Jeffrey Kinseth on November 9, 2009 are hereby **DENIED**. The administrative subpoenaes (docket numbers 1, 2, and 3) shall be enforced.

DATED this 24th day of November, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA